31793. THIGPEN *v.* CITY OF ATLANTA *et al.*

DECIDED DECEMBER 3, 1947. REHEARING DENIED DECEMBER 16, 1947.

*Poole, Pearce & Hall, Margaret Hills,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* contra.

SUTTON, C. J. (After stating the foregoing facts.) As stated by the trial judge in his decision and judgment dismissing the certiorari, and as conceded by counsel for the applicant in their brief, "It seems thus that the only difference between petitioner and the board grows out of the construction of section 8 of the amendment of 1947 which amended the act of 1943, page 551, by an addition to section 6. Petitioner says that the act as amended should be construed as entitling petitioner, in the computation for the time required before becoming eligible to retire on a pension to his full armed service, and not just for the period he was in the service after entering the fund. The Board of Trustees says under proper construction that he is only entitled to have his military service applied as a credit during the period from which time he entered the pension fund, to wit, May, 1945, and the day he returned to the employ of the city in August, 1946. The board has given him credit for that period, and it contends that even if this credit be added to his subsequent service with the city, he is not entitled to retire either under the amendment of 1945 or the amendment of 1947."

It is provided by the act of 1943, in part, as follows: "Section 6. All officers and employees . . who have been or shall be inducted into the armed forces of the United States, either voluntarily, or involuntarily, under the Selective Service and Training Act, or otherwise, and being such persons as come within the provisions of the Soldiers and Sailors Relief Act of Congress, shall be entitled to receive under all pension acts and civil service acts, credit for their time of service in the armed forces of the United States, *which time of service shall, for the purposes of such pension and civil service acts, be considered as service to such cities,* on the following terms and conditions: (a) Such officer or employee must have been or must be, on the payrolls of such city or a department thereof, in good standing at the time of such induction. (b) He shall not voluntarily extend his term of service beyond the termination of the present conflict. (c) He shall return to service in such city promptly upon his discharge from the armed forces. (d) Any such person receiv-

ing a dishonorable discharge from such armed forces shall not be entitled to the benefits of this act." (Emphasis added.) Ga. L. 1943, pp. 551, 554.

Section 34 of the act of 1945 (Ga. L. 1945, pp. 999, 1000) provides: "The Board of Trustees shall permit any officer or employee on or before July 1, 1945, who is not now contributing to said pension fund, on written application, to become a member of such pension fund and be entitled to all of the emoluments herein, provided such officer or employee shall pay into said fund the sum of two per centum of his salary computed from November 1, 1927, or, if he began his service with the city subsequent to November 1, 1927, but before May 1, 1935, then said two per centum shall be computed from such date of entering the service of the city, and by paying 3% of his salary to be computed from May 1, 1935, or if subsequent to May 1, 1935, then from the date of entry into the service of the city, to the date of his entry into the pension fund and in the event he desires to provide for the continuance of such payments to his widow, his contribution for the period of employment between November 1, 1927, to May 1, 1935, shall be 3% and from May 1, 1935, to the date of his entrance into the fund shall be 4% and, *provided further he shall serve at least 5 years from the date of his entering said fund before becoming eligible to retire on a pension."* (Emphasis added.) Section 4 of the act of 1947 (Ga. L. 1947, pp. 1635, 1637) was substituted for section 34 of the act of 1945 (Ga. L. 1945, p. 999), the only change material to the issues now on trial being that an employee, "shall serve at least 3 years from the date of his entering said fund before becoming eligible to retire on a pension." Section 8 of the act of 1947 (Ga. L. 1947, pp. 1635, 1639) amended the act of 1943 (Ga. L. 1943, p. 551), by adding at the end of section 6 of that act, the following: "All such officers and employees who were inducted in the Armed Forces of the United States prior to March 19, 1943 (the date of said amendment), who become members of such pension fund under section 34 of said act as amended by this act or any prior act, shall have credit for the time served in the Armed Forces of the United States in the computation of the time required before becoming eligible to retire on a pension."

In his review of the history of the general pension fund, which we have found to be accurate, the trial judge said: "Prior to

1935 the General Pension fund was not opened up so as to permit employees voluntarily to become members thereof, and beginning with the act of 1935, page 445, the General Pension Law has been amended on several occasions so as to permit the Pension Fund to be opened up and permit nonmembers to come within the fund on or before certain stated dates by paying into the fund certain percentages on their past salary payments so as to receive credit for all prior years of service when they were not actually members of the fund. Prior to 1945 none of these amendments to the General Pension Law provided that one must actually serve any length of time after he entered the fund. So in 1945 when the Pension Act was again reopened, the amendment added a new condition and provided one so entering the fund shall serve 'at least 5 years from the date of his entering said fund before becoming eligible to retire on a pension.' The purpose of this amendment was to prevent one from staying out of the fund until he had served, say 24 years, and then entering the fund under a permissive amendment and by contributing to the fund only for one year as an active member and then to retire. In other words, the purpose of this amendment was to require *a minimum length of service from the date of his entering the Pension Fund before he would become eligible to retire.*"

Under the provisions of the 1945 amendment (Ga. L. 1945, pp. 999, 1001), at least 5 years of service after becoming a member of the pension fund was made a condition precedent to retirement on a pension. By the amendment of 1947 (Ga. L. 1947, pp. 1635, 1637), the prerequisite of 5-years' service after becoming a member of the pension plan was amended to require only 3 years of service "from the date of his entering said fund before becoming eligible to retire on a pension;" and the act of 1943 (Ga. L. 1943, p. 551) was amended to provide that all such officers and employees "who were inducted into the armed forces of the United States prior to March 19, 1943 (the date of said amendment), who become members of such pension fund under section 34 of said act as amended by this act or any prior act, shall have credit for the time served in the armed forces of the United States in the computation of the time required before becoming eligible to retire on a pension."

We think that the reasonable and proper construction to be placed on these statutes is that 3-years' service from the date

of entering said fund is a condition precedent to becoming eligible to retire on a pension. In computing this service, time spent in the armed forces of the United States is to be included only after one becomes a member of the pension fund. As service with the city before becoming a member of the pension fund does not count towards the 3-year period required before becoming eligible for retirement on a pension, neither does service in the armed forces before becoming a member of the pension fund count in computing the 3 years required after becoming a member of the pension fund before being eligible to retire on a pension.

Under the provisions of the act of 1943 (Ga. L. 1943, pp. 551, 554), the "time of service [in the armed forces of the United States] shall, for the purposes of such pension and civil service acts, be considered as service to such cities;" and, under the provisions of the act of 1947 (Ga. L. 1947, pp. 1635, 1639), officers and employees "who become members of such pension fund . . shall have credit for the time served in the Armed Forces of the United States in the computation of the time required before becoming eligible to retire on a pension," but either 5-years' service, under the act of 1945 (Ga. L. 1945, p. 999), or 3-years' service, under the act of 1947 (Ga. L. 1947, p. 1635), after becoming a member of the pension fund is required as a condition precedent for any member to become eligible to retire on a pension. Considering the time served by the applicant in the armed services as time served with the City of Atlanta, it appears that he does not have the required service with the city after becoming a member of the pension fund to make him eligible to retire on a disability pension, under either of said acts, and the board of trustees did not err in denying his application, and the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. The contention that the amendment to the act, passed in 1947, accomplished the same thing accomplished by the amendment of 1943, and is meaningless unless construed as the plaintiff in error contends, is without merit because the act of 1947 gives credit for previous military

service to employees who might join the fund after the passage of that amendment, whereas the act of 1943 gave credit to employees for service in the armed forces served after they became members of the fund. I think that the judgment and opinion are correct for this additional reason.